United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIANNA CASTILLO, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> LONE STAR TRUCK TIRES, LLC; LONE § <br> STAR READY-MIX, LP; LONE STAR § <br> READY-MIX MANAGEMENT, INC.; and § <br> EXCEL REDI MIX, LLC, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:19-CV-3540 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Briana Castillo's Motion to Collect Cost of Service from Defendant Lone Star Truck Tires, LLC ("Lone Star"). Dkt. 22. After careful consideration of the motion, the response, the applicable law, and the record, the motion is **GRANTED.**

Federal Rule of Civil Procedure 4 permits a plaintiff to request that a defendant waive the formal requirements of service of process and further allows the plaintiff to recover the costs of complying with those requirements if the defendant refuses to waive formal service. Specifically, Rule 4(d) provides in pertinent part as follows:

> An individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of summons.

Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United

States, the court *must* impose on the defendant the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2) (emphasis added).

On September 19, 2019, Castillo filed her Original Complaint in this case (Dkt. 1) and, using regular mail, sent to Lone Star a "Notice of a Lawsuit and Request to Waive Service of a Summons" ("Waiver Request"). Dkt. 22-1 at 1. Pursuant to Federal Rule of Civil Procedure 4(d)(1), the Waiver Request informed Lone Star that a lawsuit had been filed and requested that Lone Star waive formal service of summons. *Id.* The Waiver Request also informed Lone Star that it had 30 days from September 26, 2019 to sign and return the attached waiver or it would be assessed costs for formal service of summons. Lone Star did not respond to the Waiver Request. As a result, Castillo incurred costs in the amount of $145.00 to have Lone Star served by a process server. Dkt. 22-2.

In response to Castillo's motion for costs, Lone Star does not contend that the Waiver Request was in any way defective under Rule 4 or that it was not received. Dkt. 25. Lone Star asserts only that it believed Castillo's claim was meritless and that it was not represented by counsel at the time it received the Waiver Request. Dkt. 25. The Court finds these circumstances do not constitute good cause for Lone Star's failure to sign and return the waiver under Rule 4. Accordingly, pursuant to Rule 4(d)(2), Castillo's motion to collect costs is **GRANTED**.

It is therefore **ORDERED** that Lone Star pay Castillo the cost of service in the amount of $145 within ten (10) days from the entry of this order.

SIGNED at Houston, Texas, this 22nd day of April, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE